IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COOK DRILLING CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>HC CONSTRUCTORS, INC.,<br><br>**Defendant.** | CIVIL ACTION NO. 25-5905 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                           **December 8, 2025**

This is a breach of contract action in which Plaintiff Cook Drilling Corporation, incorporated and having a principal place of business in Pennsylvania, brings suit against Defendant HC Constructors, Inc., incorporated and having a principal place of business in New Jersey. Defendant is a general contractor hired to perform work on electrical substations throughout New Jersey as part of New Jersey's Reliability Improvement Project, which is approved, regulated, and overseen by New Jersey's Board of Public Utility.[1] Plaintiff is a subcontractor that Defendant contracted to perform caisson work on two electrical substation projects (the "Morristown Substation Project" and the "Fort Monmouth Substation Project").[2]

Plaintiff brought a complaint alleging it performed work on the Substation Projects for which it was not paid.[3] The case was initially brought by Plaintiff in the Court of Common Pleas

---

[1] Def.'s Mot. Transfer at 1,7 [Doc. No 13-3].

[2] *Id*. at 4. A "caisson" is a "deep, reinforced concrete foundation that anchors heavy electrical equipment and support structures into stable soil or bedrock." *Id*.

[3] Def.'s Notice of Removal, Ex. A, Pl.'s Complaint ¶¶ 5-10 [Doc. No. 1].

of Bucks County.[4] Defendant then removed the case to the Eastern District of Pennsylvania.[5] After removal, Defendant counterclaimed that Plaintiff breached the subcontract relating to the Fort Monmouth Substation Project by performing deficient work and refusing to correct that work.[6]

Before the Court is Defendant's motion to transfer venue to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a). That motion will be granted.

**I.      LEGAL STANDARD**

Pursuant to 28 U.S.C. §1404(a), a district court may transfer the venue of any civil action, for the convenience of the parties and witnesses or in the interests of justice, to any other district where the action may have been brought.[7] The burden rests with the moving party to prove that transfer is appropriate.[8] As a threshold matter, the Court must first assess whether the action could have been brought in the proposed transferee district.[9] Then the Court can consider whether the moving party has demonstrated that the action would be more convenient and would better serve the interests of justice by a transfer to the proposed district.[10]

In balancing the convenience of parties and witnesses and the interests of justice, the Third Circuit has identified a number of private and public interests to consider in the transfer

---

[4] *Id*.

[5] *Id*.

[6] Def.'s Answer and Counterclaim at 10-18 [Doc. No. 10].

[7] 28 U.S.C. § 1404; *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (stating that the purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (internal quotation marks and citations omitted)).

[8] *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

[9] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *see SKF USA Inc. v. Okkerse*, 992 F. Supp. 2d 432 (E.D. Pa. 2014) (citing *Shutte*, 431 F.2d at 24) ("An action may be transferred to another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise personal jurisdiction over the defendants.").

[10] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

analysis.[11] Private interests include: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."[12] Public interests include: the "enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficult resulting from court congestion; local interest in deciding local controversies at home; public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases."[13]

Because the analysis in deciding a motion for transfer of venue is "flexible and individualized," the district court is vested with broad discretion.[14] A transfer, however, should not be granted liberally.[15] For instance, transferring a case which in effect shifts the inconvenience from the defendant to the plaintiff will not be warranted.[16] Unless the moving

---

[11] *Id*.

[12] *Id*. (internal citations omitted).

[13] *Id.* (internal citations omitted). "[P]ublic interests to be balanced are not necessarily tied to the parties, but instead derive from 'the interest of justice.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting 28 U.S.C. §1404(a)).

[14] *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

[15] *Shutte*, 431 F.2d at 25 (internal citation omitted).

[16] *See, e.g.*, *Plum Tree, Inc.*, 488 F.2d at 757 n.3 ("Although it would undoubtedly be inconvenient for defendants to have their business in Houston and travel to the Eastern District of Pennsylvania, there is nothing in the transfer motion to indicate that defendants would suffer a greater inconvenience than would plaintiff if the case is transferred to the Southern District of Texas."); *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018) (collecting cases).

party can demonstrate that the relevant factors weigh strongly in its favor, the plaintiff's choice of forum will likely prevail.[17]

**II.   DISCUSSION**

The parties do not dispute that this case could have been brought in the District of New Jersey. Thus, the question is whether HC Constructors has met its burden of establishing that private and public interest factors favor transferring venue to the District of New Jersey.

**A.   Private Interest Considerations**

Defendant has established that the private interest considerations favor transferring this case to the District of New Jersey because the operative facts of the case, on the evidence presented to the Court, occurred entirely in the District of New Jersey.

Plaintiff's choice of forum weighs in favor of keeping venue in the Eastern District of Pennsylvania. Plaintiff chose to initially file in the Bucks County Court of Common Pleas in Pennsylvania state court and the action was subsequently removed to federal court. While there is disagreement regarding whether removal diminishes the weight of a Plaintiff's choice of forum in the § 1404(a) analysis, this Court does not stake a position that removal reduces the weight given to Plaintiff's choice of forum.[18]

Plaintiff's choice of forum was reasonable because Plaintiff resides in the Eastern District of Pennsylvania and alleges the contract negotiations and non-payment occurred in the Eastern

---

[17] *Shutte*, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request and that choice [] should not be lightly disturbed." (internal quotation marks and citations omitted)).

[18] *See, e.g., Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438 (E.D. Pa. 1999) (declining to reduce deference given to Plaintiff's choice of venue after removal). *But see Seidman v. Hamilton Beach Brands, Inc.*, 787 F. Supp. 3d 25. 34 (E.D. Pa. 2025) (reducing deference given to Plaintiff's choice of venue after removal from state court).

District.[19] However, as discussed in detail below, on the evidence before this Court, the operative facts occurred in New Jersey. Pennsylvania has no other substantive connection to the suit. Plaintiff's opposition to the venue transfer expresses a clear preference for Pennsylvania as the forum. While Plaintiff's choice of forum is entitled to significant weight, its forum of choice is accorded less deference because none of the central facts of the lawsuit occurred in the Eastern District of Pennsylvania.[20]

The parties contest where the claims arose. Defendant argues the claims arose in the District of New Jersey because the projects were located in New Jersey, the negotiation of at least one of the two contracts occurred in New Jersey, and the lack of performance occurred in New Jersey.[21] Plaintiff claims that "[t]he subcontracts at issue were negotiated and signed in the Eastern District [of Pennsylvania];" the labor and materials Plaintiff supplied originated in the Eastern District of Pennsylvania; and non-payment occurred in the Eastern District of Pennsylvania.[22] There is a factual dispute regarding where the negotiation and signing of the contracts occurred and where the alleged breach occurred.

Plaintiff failed to support its factual allegations with declarations supported by personal knowledge. This Court cannot consider "unsubstantiated arguments made in briefs . . . [as]

---

[19] As discussed below, Plaintiff has not provided supporting evidence for its claims that the contract was negotiated or signed in the Eastern District of Pennsylvania, nor that nonpayment occurred in the Eastern District of Pennsylvania. Therefore, the Court is constrained to consider the evidence before it and determine that the central facts of the lawsuit occurred in the District of New Jersey.

[20] *Matarazzo v. Csenge Advisory Grp., LLC*, 2020 WL 2992453, at *8 (E.D. Pa. June 4, 2020); *Quinn v. Ethicon, Inc.*, 2020 WL 977326, at *5 (E.D. Pa. Feb. 27, 2020); *InfoMC Inc. v. Comprehensive Behavioral Care, Inc.*, 2012 WL 1114360, at * 13 (E.D. Pa. Mar. 30, 2012) ("However, when the cause of action did not occur in, or few of the operative facts took place in the selected forum, plaintiff's choice is afforded less weight."); *TaiDoc Tech. Corp. v. Diagnostics Devices, Inc.*, 2012 WL 3627423, at *2 (E.D.Pa. Aug.23, 2012); *White v. SmithKline Beecham Corp.*, 2007 WL 1237952, at *2 (E.D.Pa.2007); *McMillan v. Weeks Marine, Inc.,* 2002 WL 32107617, at *1 (E.D.Pa.2002).

[21] Def.'s Mot. Transfer at 5-7, 11 [Doc. No. 13-3]; Def.'s Reply Supp. Transfer at 4-5 [Doc. No. 24].

[22] Pl.'s Resp. Opp. Transfer at 4-5 [Doc. No. 15].

evidence."[23] Accordingly, on the evidence presented to the Court, the claims appear to have arisen primarily, if not wholly, from facts occurring in the District of New Jersey. This factor weighs in favor of transfer.

The parties also contest the respective burdens of transfer on the parties as indicated by their relative physical and financial condition. Plaintiff claims it is "a small-drilling contractor with one location in Bucks County" and argues "Defendant is better positioned to litigate in the Eastern District of Pennsylvania than the other way around."[24] Once again, Plaintiff fails to support these claims with any factual basis. Defendant claims it is a certified Small Business Enterprise.[25] On the facts before this Court, there is no substantial weight owed the burden of transfer factor. Given the claims that both parties are small businesses and the close proximity of the districts, this factor is neutral and does not weigh in favor or against transfer.

While many potential witnesses are located in New Jersey, the proximity of the districts and Defendant's failure to establish that certain witnesses would be unavailable absent transfer render convenience of the witnesses and location of the evidence neutral factors that do not weigh in favor of transfer.

### B. Public Interest Considerations

The public interest weighs in favor of transfer. The parties have not identified any difference of enforceability between the venues.

---

[23] *Versarge v. Twp. of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1999). *See also Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted."). *See also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973) (noting that movants did not support motion to transfer with any evidence that would tend to establish the necessary elements for a transfer).

[24] Pl.'s Resp. Opp. Transfer at 6 [Doc. No. 15].

[25] Def.'s Reply Supp. Transfer at 5 [Doc. No. 24].

The relative congestion of the courts does not favor transfer. The most recent statistics from the Federal Judicial Caseload Statistics show that the District of New Jersey has far more pending cases than the Eastern District of Pennsylvania and the average time between filing a civil case and trial is far longer in the District of New Jersey.[26] The District of New Jersey is decidedly more congested than the Eastern District of Pennsylvania. Defendant argues this factor should not weigh heavily and is not dispositive.[27] Indeed, court congestion is a consideration weighing against transfer, but this factor alone is not dispositive.

New Jersey decidedly has a greater interest in resolving the controversy at home and a greater public interest in the matter. Defendant has established that the projects were approved, regulated, and monitored by a New Jersey government agency. The projects relate directly to enhancements to electric substations that impact New Jersey residents. While this is primarily a breach of contract claim, the contract relates to projects in New Jersey concerning New Jersey electrical substations that are regulated by the New Jersey Board of Public Utilities. Because the projects were approved, regulated, and overseen by the Board of Public Utilities, and there is dispute over the soil conditions and satisfactory performance of subcontracted work, New Jersey has a particular interest in the matter. Pennsylvania does not.

Plaintiff brought claims including breach of contract, unjust enrichment, and violation of the New Jersey Prompt Payment Act. New Jersey law governs the New Jersey statutory claim. Plaintiff's primary claims arise under common law breach of contract and unjust enrichment. The parties have not identified a choice of law provision governing the entirety of the subcontract between Plaintiff and Defendant. There is a choice of law provision identifying New

---

[26] Pl.'s Resp. Opp. Transfer at 8-9 [Doc. No. 15].

[27] Def.'s Reply Supp. Transfer at 8 [Doc. No. 24].

Jersey law as the governing law for an indemnification clause of the contract.[28] The parties have not made arguments on the law governing the common law claims. Given New Jersey law controls the statutory claim and the only choice of law provision present in the contract favors New Jersey law, the familiarity of New Jersey federal judges with applicable state law weighs in favor of transfer.

### III.  CONCLUSION

Defendant has met its burden to show that transfer is warranted. The only factors weighing against transfer are Plaintiff's choice of forum and the congestion of the Courts. Several factors are neutral, and Defendant's choice of forum, where the claims arose, local interest in resolving the controversy at home, public policy, and familiarity of the trial judge with applicable state law all weigh in favor of transfer. Plaintiff's choice of venue is of significant import, but it is outweighed by other relevant factors. Defendant has established, based on pertinent public and private interests, that this matter should be transferred to the District of New Jersey. Defendant's motion to transfer venue to the District of New Jersey will be granted. An appropriate order follows.

---

[28] Def.'s Notice of Removal, Ex. A Pl.'s Complaint, Subcontractor Contract at ECF No. 21, 36 [Doc. No. 1].